UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

THOMAS H. ALS,
LINDA R. ALS,

                Debtors.

CHAPTER 13
BANKRUPTCY NO. 05-03542M

CHAPTER 13 TRUSTEE'S FINAL REPORT AND
ACCOUNT AND NOTICE OF COMPLETION

COMES NOW the Chapter 13 trustee and states that the plan was completed and the debtors are entitled to a discharge.

FILED
US BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

SEP 0 2 2008

SEAN F. McAVOY, CLERK

## STATEMENT OF RECEIPTS

I. FUNDS RECEIVED BY TRUSTEE
   (a) Gross payments received from or on behalf of debtors
      (includes total amount of paychecks when trustee
      receives paychecks)                                           $55,966.91
   (b) Other receipts (source and amount)                      $0.00
   (c) Total funds received [(a) and (b) above]                                       $55,966.91

II. LESS REFUNDS TO DEBTORS
   (a) Refunds to debtors in cashing paychecks            $0.00
   (b) Refunds to debtors upon dismissal prior to confirmation            $0.00
   (c) Other refunds to debtors                    $0.60
   (d) Total refunds [(a), (b) and (c) above]                                           $0.60

III. NET FUNDS AVAILABLE FOR DISBURSEMENTS                                 $55,966.31

## STATEMENT OF DISBURSEMENTS

IV. PAYMENTS UNDER THE PLANS (Itemized on Exhibits Attached)
   (a) Secured Creditors (Exhibit A)                      $0.00
   (b) Priority Creditors (Exhibit B)                     $0.00
   (c) Unsecured Creditors (Exhibit C)                   $49,678.62
   (d) Paid to Debtors' Attorney                       $1,200.00
   (e) Other Disbursements                         $0.00
   (f) Total Payments Under the Plan                                   $50,878.62

V. ADMINISTRATIVE DISBURSEMENTS
   (a) Clerk of Court, Court Costs                      $0.00
   (b) Fee of Standing Trustee                        $5,087.69
   (c) Total Administrative Disbursements                                  $5,087.69

VI. IF CONVERTED, AMOUNT PAID TO CHAPTER 7 TRUSTEE         $0.00

VII. TOTAL DISBURSEMENTS [Add IV(f), V(c) and VI]                        $55,966.31

VIII. BALANCE ON HAND [Item III less Item VII]                                      $0.00

Carol F. Dunbar, Standing Trustee for this case, certifies to the Court and to the United States Trustee that she has faithfully and properly fulfilled the duties of the Standing Trustee, and that the case has been fully administered.

DATED: August 29, 2008

                                               _/s/ Carol Dunbar_
                                               Carol F. Dunbar, #1682
                                               Chapter 13 Trustee
                                               531 Commercial Street, Suite 500
                                               Waterloo, IA 50701
                                               Telephone: (319) 233-6327
                                               Fax: (319) 233-0346

NOTICE IS GIVEN THIS CASE IS COMPLETE AND THE DEBTORS ARE ENTITLED TO A DISCHARGE.

NOTICE IS FURTHER GIVEN THAT UNLESS A WRITTEN APPLICATION FOR A HEARING IS FILED ON OR BEFORE 25 DAYS FROM THE DATE OF THIS NOTICE AND SUMMARY, THE ESTATE WILL BE CLOSED AND THE TRUSTEE AND THE SURETY ON THE TRUSTEE'S BOND WILL BE RELEASED.

DATED: September 2, 2008

CLERK, U.S. BANKRUPTCY COURT

By: 

Deputy Clerk
P.O. Box 3857
Sioux City, IA 51102-3857

## EXHIBIT C

PAYMENTS MADE TO UNSECURED CREDITORS

| CLAIM | CREDITOR | AMOUNT PAID |
|---|---|---|
| 1 | WELLS FARGO CARD SERVICES | $2,277.26 |
| 2 | DISCOVER BANK | $3,214.38 |
| 3 | PORTFOLIO RECOVERY ASSOC | $3,362.32 |
| 4 | TARGET NATIONAL BANK | $86.68 |
| 5 | ECAST SETTLEMENT CORPORATION | $1,687.69 |
| 6 | RESURGENT CAPITAL SERVICES | $4,973.68 |
| 7 | RESURGENT CAPITAL SERVICES | $5,297.79 |
| 9 | UMB BANK | $2,339.53 |
| 10 | RESURGENT CAPITAL SERVICES | $3,739.37 |
| 11 | ECAST SETTLEMENT CORPORATION | $3,614.72 |
| 12 | ECAST SETTLEMENT CORPORATION | $4,099.44 |
| 13 | ECAST SETTLEMENT CORPORATION | $4,964.74 |
| 14 | ECAST SETTLEMENT CORPORATION | $1,096.11 |
| 15 | RESURGENT CAPITAL SERVICES | $4,755.69 |
| 16 | RESURGENT CAPITAL SERVICES | $4,169.22 |
| | UNSECURED CREDITORS TOTAL: | $49,678.62 |

IANB1328                                                                                    Exhibit #1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

IN RE:   THOMAS H. ALS
         LINDA R. ALS

                                            Chapter 13

Debtor.                                     Bankruptcy No. 05-03542

### DEBTOR'S CERTIFIED MOTION
### FOR ENTRY OF DISCHARGE ORDER AND
### NOTICE OF DEADLINE TO OBJECT

The undersigned debtor moves for entry of discharge, and in support of debtor's motion certifies, under penalty of perjury, the following (a statement is checked only if it is true and accurate):

1. Plan Payments - 11 U.S.C. § 1328 (a) - (This statement must be checked or the motion will be denied without hearing.)

    __x__ Debtor has completed all payments to the trustee under the confirmed chapter 13 plan.

2. Domestic Support Obligations - 11 U.S.C. § 1328 (a) - (Check (a), (b), or (c)):

    (a)   __x__   Debtor has not been required by a judicial or administrative order or by statute to pay a domestic support obligation, as defined in 11 U.S.C. § 101(14A).

    **OR**

    (b)   _____   Debtor is required by a judicial or administrative order or by statute to pay a domestic support obligation as defined in 11 U.S.C. § 101(14A). All amounts payable under such order or statute which were due on or before the date of this certification (including amounts due before the bankruptcy petition was filed, but only to the extent provided for by the confirmed plan) have been paid.

    The name and address of each person to whom I owe a domestic support obligation is as follows:

    _____

    _____

**OR**

(c) \_\_\_\_ Debtor is required by a judicial or administrative order or by statute to pay a domestic support obligation as defined by 11 U.S.C. § 101(14A). Debtor has **NOT** made all payments which became due prior to the date of this certification.

The name and address of each person to whom I owe a domestic support obligation is as follows:

_____

_____

_____

3. Financial Management Course - 11 U.S.C. § 1328 (g) - (If this statement is not checked, the motion will be denied without notice or hearing.)

   **x** After filing the bankruptcy petition, Debtor completed an instructional course concerning personal financial management as described in 11 U.S.C. § 111. A copy of the certificate of completion has been separately filed with the court.

4. Prior Discharges - 11 U.S.C. § 1328 (f) - (One of these alternatives must be selected.)

   **x** Debtor **HAS NOT RECEIVED** a discharge in a case filed under chapter 7, 11, or 12 of the Bankruptcy Code during the 4-year period preceding the date of the order for relief in this case (normally the date of the filing of the bankruptcy petition),

   and Debtor **HAS NOT RECEIVED** a discharge in a case filed under chapter 13 of the Bankruptcy Code during the 2-year period preceding the date of the order for relief.

   **OR**

   \_\_\_\_ Debtor **HAS RECEIVED** a discharge in a case filed under chapter 7, 11, or 12 of the Bankruptcy Code during the 4-year period preceding the date of the order for relief in this case (normally the date of the filing of the bankruptcy petition),

   **OR**

   \_\_\_\_ Debtor **HAS RECEIVED** a discharge in a case filed under chapter 13 of

the Bankruptcy Code during the 2-year period preceding the date of the order for relief in this case.

5. Homestead Exemptions - 11 U.S.C. § 1328 (h) and 11 U.S.C. § 522(q) - (One of these two alternatives must be selected.)

   **X**  Debtor has not claimed, under state law, exemption of an interest in the following kinds of property having an aggregate value in excess of $136,875.00:

   A. real or personal property that Debtor or a dependent of the Debtor uses as a residence;

   B. a cooperative that owns property that the Debtor or a dependent of the Debtor uses as a residence;

   C. a burial plot for the Debtor or a dependent of the Debtor; OR,

   D. real or personal property that the Debtor or a dependent of the Debtor claims as a homestead.

   **OR**

   \_\_\_ Debtor has claimed, under state law, exemption of Debtor's interest in the following kinds of property having an aggregate value in excess of $136,875.00:

   A. real or personal property that Debtor or a dependent of the Debtor uses as a residence;

   B. a cooperative that owns property that the Debtor or a dependent of the Debtor uses as a residence;

   C. a burial plot for the Debtor or a dependent of the Debtor; OR,

   D. real or personal property that the Debtor or a dependent of the Debtor claims as a homestead.

6. Proceedings Relating to Delay in the Entry of Discharge - 11 U.S.C. § 1328 (h) and 11 U.S.C. § 522(q) - (One of these two alternatives must be selected):

   \_\_\_ There **IS** currently pending a proceeding in which the Debtor may be convicted of a felony (defined in 18 U.S.C. § 3156(a)(3) as an offense punishable by a maximum term of imprisonment of more than one year) **OR** a proceeding in which Debtor may be found liable for a debt:

   (1) arising from any violation of federal securities laws, any state securities laws, or any regulations or orders issued under federal or

state securities laws;

(2) arising from fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under § 12 or 15(d) of the Securities Exchange Act of 1934 or under § 6 of the Securities Act of 1933;

(3) arising from any civil remedy under § 1964 of Title 18 of the United States Code (Racketeer Influenced and Corrupt Organizations Act (RICO)); or

(4) arising from any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding five (5) years.

**OR**

__X__ There **IS NOT** currently pending a proceeding in which the Debtor may be convicted of a felony (defined in 18 U.S.C. § 3156(a)(3) as an offense punishable by a maximum term of imprisonment of more than one year) **OR** a proceeding in which Debtor may be found liable for a debt:

(1) arising from any violation of federal securities laws, any state securities laws, or any regulations or orders issued under federal or state securities laws;

(2) arising from fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under § 12 or 15(d) of the Securities Exchange Act of 1934 or under § 6 of the Securities Act of 1933;

(3) arising from any civil remedy under § 1964 of Title 18 of the United States Code (Racketeer Influenced and Corrupt Organizations Act (RICO)); or

(4) arising from any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding five (5) years.

7. Current Address:

My most recent address is as follows, and, if applicable, I have filed the required change of address notification with the Clerk of Court:

96 Country Circle

Mason City, IA 50401

(address)

8. The name and address of my current employer(s) is as follows:

Name: __I.C. Systems__          __Mercy Medical Center-North Iowa__

Address:__444 Hwy 96 East__     __1000 4th Street SW__
_____Box 64378_____        __PO Box 551_____
_____St. Paul, MN 55164-0378_ Mason City, IA 50402-05551

9. **NOTICE OF TIME TO OBJECT TO MOTION FOR DISCHARGE OR TO SEEK DELAY:**

Pursuant to Standing Order __07-04__ the parties served with this motion shall have to and including __August 26, 2008__ to object to the motion for discharge or to seek delay in the entry of discharge.

I declare under penalty of perjury that the facts stated in this motion are true and accurate.

__7-31-2008__          _Thomas H Ali_ (signature)
Date Signed             Debtor

__7-31-2008__          _Linda R. Ali_ (signature)
Date Signed             Debtor

### Attorney's Certification

I certify that I am the attorney for the Debtor in this bankruptcy case, and that prior to the execution and filing of this motion, I have explained to Debtor the meaning of the allegations contained herein.

08/04/2008
Date Signed

_____ AT0000452
Attorney   J. Mathew Anderson

### Certificate of Service

The undersigned hereby certifies that on August 11, 2008, a true and correct copy of this Certified Motion and Notice of Deadline to Object was served on the standing trustee, the U.S. trustee, the U.S. attorney, and the Iowa Department of Human Services/Child Support Division, by either first-class U.S. mail or via the CM/ECF system of the United States Bankruptcy Court for the Northern District of Iowa. If the debtor is appearing pro se, the clerk's office will serve this Motion and a notice of time to object.

8/11/08
Date Signed

_____ AT0000452
Attorney   J. Mathew Anderson

IANB1328                                                                    Exhibit #1

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

IN RE:  THOMAS H. ALS
        LINDA R. ALS

Chapter 13

Debtor.                                           Bankruptcy No. 05-03542

### DEBTOR'S CERTIFIED MOTION
### FOR ENTRY OF DISCHARGE ORDER AND
### NOTICE OF DEADLINE TO OBJECT

The undersigned debtor moves for entry of discharge, and in support of debtor's motion certifies, under penalty of perjury, the following (a statement is checked only if it is true and accurate):

1. Plan Payments - 11 U.S.C. § 1328 (a) - (This statement must be checked or the motion will be denied without hearing.)

   __X__ Debtor has completed all payments to the trustee under the confirmed chapter 13 plan.

2. Domestic Support Obligations - 11 U.S.C. § 1328 (a) - (Check (a), (b), or (c)):

   (a)  __X__  Debtor has not been required by a judicial or administrative order or by statute to pay a domestic support obligation, as defined in 11 U.S.C. § 101(14A).

   **OR**

   (b)  ____  Debtor is required by a judicial or administrative order or by statute to pay a domestic support obligation as defined in 11 U.S.C. § 101(14A). All amounts payable under such order or statute which were due on or before the date of this certification (including amounts due before the bankruptcy petition was filed, but only to the extent provided for by the confirmed plan) have been paid.

   The name and address of each person to whom I owe a domestic support obligation is as follows:

   _____

   _____

**OR**

(c) \_\_\_\_ Debtor is required by a judicial or administrative order or by statute to pay a domestic support obligation as defined by 11 U.S.C. § 101(14A). Debtor has **NOT** made all payments which became due prior to the date of this certification.

The name and address of each person to whom I owe a domestic support obligation is as follows:

_____

_____

_____

3. Financial Management Course - 11 U.S.C. § 1328 (g) - (If this statement is not checked, the motion will be denied without notice or hearing.)

   **x** After filing the bankruptcy petition, Debtor completed an instructional course concerning personal financial management as described in 11 U.S.C. § 111. A copy of the certificate of completion has been separately filed with the court.

4. Prior Discharges - 11 U.S.C. § 1328 (f) - (One of these alternatives must be selected.)

   **x** Debtor **HAS NOT RECEIVED** a discharge in a case filed under chapter 7, 11, or 12 of the Bankruptcy Code during the 4-year period preceding the date of the order for relief in this case (normally the date of the filing of the bankruptcy petition),

   and Debtor **HAS NOT RECEIVED** a discharge in a case filed under chapter 13 of the Bankruptcy Code during the 2-year period preceding the date of the order for relief.

   **OR**

   \_\_\_\_ Debtor **HAS RECEIVED** a discharge in a case filed under chapter 7, 11, or 12 of the Bankruptcy Code during the 4-year period preceding the date of the order for relief in this case (normally the date of the filing of the bankruptcy petition),

   **OR**

   \_\_\_\_ Debtor **HAS RECEIVED** a discharge in a case filed under chapter 13 of

the Bankruptcy Code during the 2-year period preceding the date of the order for relief in this case.

5. Homestead Exemptions - 11 U.S.C. § 1328 (h) and 11 U.S.C. § 522(q) - (One of these two alternatives must be selected.)

__X__ Debtor has not claimed, under state law, exemption of an interest in the following kinds of property having an aggregate value in excess of $136,875.00:

    A. real or personal property that Debtor or a dependent of the Debtor uses as a residence;

    B. a cooperative that owns property that the Debtor or a dependent of the Debtor uses as a residence;

    C. a burial plot for the Debtor or a dependent of the Debtor; OR,

    D. real or personal property that the Debtor or a dependent of the Debtor claims as a homestead.

**OR**

_____ Debtor has claimed, under state law, exemption of Debtor's interest in the following kinds of property having an aggregate value in excess of $136,875.00:

    A. real or personal property that Debtor or a dependent of the Debtor uses as a residence;

    B. a cooperative that owns property that the Debtor or a dependent of the Debtor uses as a residence;

    C. a burial plot for the Debtor or a dependent of the Debtor; OR,

    D. real or personal property that the Debtor or a dependent of the Debtor claims as a homestead.

6. Proceedings Relating to Delay in the Entry of Discharge - 11 U.S.C. § 1328 (h) and 11 U.S.C. § 522(q) - (One of these two alternatives must be selected):

_____ There **IS** currently pending a proceeding in which the Debtor may be convicted of a felony (defined in 18 U.S.C. § 3156(a)(3) as an offense punishable by a maximum term of imprisonment of more than one year) **OR** a proceeding in which Debtor may be found liable for a debt:

    (1) arising from any violation of federal securities laws, any state securities laws, or any regulations or orders issued under federal or

state securities laws;

(2) arising from fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under § 12 or 15(d) of the Securities Exchange Act of 1934 or under § 6 of the Securities Act of 1933;

(3) arising from any civil remedy under § 1964 of Title 18 of the United States Code (Racketeer Influenced and Corrupt Organizations Act (RICO)); or

(4) arising from any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding five (5) years.

**OR**

__X__ There **IS NOT** currently pending a proceeding in which the Debtor may be convicted of a felony (defined in 18 U.S.C. § 3156(a)(3) as an offense punishable by a maximum term of imprisonment of more than one year) **OR** a proceeding in which Debtor may be found liable for a debt:

(1) arising from any violation of federal securities laws, any state securities laws, or any regulations or orders issued under federal or state securities laws;

(2) arising from fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under § 12 or 15(d) of the Securities Exchange Act of 1934 or under § 6 of the Securities Act of 1933;

(3) arising from any civil remedy under § 1964 of Title 18 of the United States Code (Racketeer Influenced and Corrupt Organizations Act (RICO)); or

(4) arising from any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding five (5) years.

7. Current Address:

My most recent address is as follows, and, if applicable, I have filed the required change of address notification with the Clerk of Court:

96 Country Circle

Mason City, IA 50401

(address)

8. The name and address of my current employer(s) is as follows:

| | |
|---|---|
| Name: I.C. Systems | Mercy Medical Center-North Iowa |
| Address: 444 Hwy 96 East | 1000 4th Street SW |
| Box 64378 | PO Box 551 |
| St. Paul, MN 55164-0378 | Mason City, IA 50402-05551 |

9. **NOTICE OF TIME TO OBJECT TO MOTION FOR DISCHARGE OR TO SEEK DELAY:**

Pursuant to Standing Order 07-04 the parties served with this motion shall have to and including August 26, 2008 to object to the motion for discharge or to seek delay in the entry of discharge.

I declare under penalty of perjury that the facts stated in this motion are true and accurate.

_7-31-2008_                    _Thomas H Als_
Date Signed                    Debtor

_7-31-2008_                    _Linda R. Als_
Date Signed                    Debtor

### Attorney's Certification

I certify that I am the attorney for the Debtor in this bankruptcy case, and that prior to the execution and filing of this motion, I have explained to Debtor the meaning of the allegations contained herein.

__08/04/2008__        _[signature]_ AT0000452
Date Signed        Attorney J. Mathew Anderson

### Certificate of Service

The undersigned hereby certifies that on __August 11__, 2008, a true and correct copy of this Certified Motion and Notice of Deadline to Object was served on the standing trustee, the U.S. trustee, the U.S. attorney, and the Iowa Department of Human Services/Child Support Division, by either first-class U.S. mail or via the CM/ECF system of the United States Bankruptcy Court for the Northern District of Iowa. If the debtor is appearing pro se, the clerk's office will serve this Motion and a notice of time to object.

__8/11/08__        _[signature]_ AT0000452
Date Signed        Attorney J. Mathew Anderson